## MATTER OF VEGA

### In Deportation Proceedings

### A-14226562

*Decided by Board October 13, 1965*

Absent substantial equities, adjustment of status under section 245, Immigration and Nationality Act, as amended, is denied, as a matter of discretion, to an alien from a nonquota country who prior to, and shortly after, his arrival in the United States secured documents needed to support his application for adjustment of status, since he sought and gained entry into this country with a preconceived intention to establish permanent residence here. (*Matter of Barrios*, Int. Dec. No. 1264, distinguished.)

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—visitor.

An order entered by the special inquiry officer on March 18, 1965 grants the respondent's application for a change of status to that of a permanent resident alien under the provisions of section 245 of the Immigration and Nationality Act (8 U.S.C. 1255). The trial attorney appeals from this decision. He excepts to the conclusion that relief under section 245 (*supra*) is warranted in this case.

The respondent, a native and citizen of El Salvador, unmarried, 41 years of age, last entered the United States through the port of San Ysidro, California on or about April 25, 1964. He was admitted as a temporary visitor and thereafter authorized to remain in the United States in that status until August 10, 1964. He was granted permission to depart voluntarily from the United States on or before December 2, 1964. He has remained in the United States subsequent to December 2, 1964 and he concedes that he is deportable as charged in the order to show cause.

The only issue presented by the case is whether the respondent's application for status as a permanent resident alien under section 245 of the Immigration and Nationality Act merits the favorable exercise of the Attorney General's discretion. The record discloses that the respondent applied for a nonimmigrant visa in October

of 1962 but his application was denied by the consul in El Salvador. The respondent in April of 1964 again applied for a nonimmigrant visa. He presented to the consul on this occasion letters which misrepresented his employment status in El Salvador (Exs. 4 & 7). He obtained a police clearance letter prior to his departure from El Salvador and submitted it with his application for an adjustment of status. A birth certificate, issued in El Salvador on May 5, 1964 within 10 days after his entry, was also submitted.

The respondent denied that he had any intention of remaining permanently in the United States at the time he secured his nonimmigrant visa. He testified that it was about a month after his arrival that he decided to apply for an adjustment of status to that of a permanent resident alien. The trial attorney maintains that the record does not support the respondent's claim that he entered as a bona fide nonimmigrant.

The special inquiry officer concedes that there is no particular merit to the respondent's application for relief under section 245 of the Immigration and Nationality Act. He granted relief on the basis of a conclusion that our decision in *Matter of Barrios* (Int. Dec. No. 1264, BIA, January 22, 1963) put the burden of establishing that the alien does not qualify for permanent resident status upon the Service when the Service makes no attempt to controvert the testimony of the alien that he was a bona fide nonimmigrant at the time of entry.

We do not agree with the special inquiry officer in this regard. Our decision to grant relief in the *Barrios* case was limited to the facts of that particular case. Barrios entered the United States as a nonimmigrant fully cognizant of the fact that he could not remain permanently unless permitted to do so lawfully. We found no intention on the part of Barrios to circumvent the normal consular procedures for the issue of a visa to enter the United States for permanent residence.

The facts of the instant case are similar to those before us in *Matter of Garcia-Castillo*, Int. Dec. No. 1335, BIA, April 30, 1964.[1] This respondent, as in *Garcia-Castillo*, was denied a nonimmigrant visa upon his first application. On his second application he presented a letter which misrepresented his employment status in El Salvador. The fact that this respondent made arrangements to secure documents needed to support his application for an adjustment of status prior to and shortly after his arrival in the United

---

[1] The Board of Immigration Appeal's decision denying relief under section 245 affirmed *Castillo* v. *Immigration and Naturalization Service*, #19, 728, C.A. 9, August 23, 1965.

-States establishes to our satisfaction that he sought and gained entry into the United States with a preconceived intention to establish permanent residence here.

We said· in ·the *Garcia-Castillo* case *(supra)* that the bona fides of an applicant for relief under section 245 in securing his nonimmigrant visa is a persuasive factor in the exercise of the Attorney General's discretion. We have also said that an affirmative showing that an alien secured a nonimmigrant visa in order to avoid a consular function does ·not bar every applicant for relief under section 245 since conceivably there are instances where substantial equities may intervene and warrant favorable action as a matter of discretion. *Matter of Rubio-Vargas,* Int. Dec. No. 1466, BIA, May 4, 1965. We find no such equities in the case now before us.

Discretionary action by its very nature permits wide latitude to the authority charged with its exercise. When such authority is bound by hard and fast rules or criteria then its action cannot be said to be truly discretionary. This Board has final jurisdiction where there is an appeal from a denial of an application for a change of status filed pursuant to 8 CFR 242.17 (8 CFR 3.1(b)(2)). Notwithstanding this and recognizing the fact that our precedent decisions are binding upon the special inquiry officer, nevertheless we believe that the special inquiry officer must base his conclusions ·where a matter of discretion· is concerned on an evaluation of all the facts and circumstances of the particular case before him and not on the basis of whether his interpretation of a precedent decision circumscribes his individual judgment.

We will sustain the appeal of the trial attorney; and, since on this record the respondent appears to be eligible for voluntary departure, we will grant him this privilege. An appropriate order will be entered.

ORDER: It is ordered that the outstanding order be withdrawn and the alien be permitted to depart from the United States voluntarily without expense to the Government, to any country of his choice, within such period of time and under such conditions as the officer-in-charge of the District deems appropriate.

*It is further ordered* that if the alien does not depart from the United States in accordance with the foregoing, an order of deportation be entered and executed and he be deported to El Savador.